## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY** ) | |
| **AND ETHICS IN WASHINGTON,** ) | |
| 1101 K Street, N.W., Suite 201 ) | |
| Washington, D.C.  20005 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE,** ) | |
| 950 Pennsylvania Avenue, N.W. ) | |
| Washington, D.C. 20530 ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.     This is an action under the Freedom of Information ACT ("FOIA"), 5 U.S.C. §

522, 5 U.S.C. § 522, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for

injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and

Ethics in Washington ("CREW") challenges the failure of Defendant U.S. Department of Justice

("DOJ") and its component agency, the Federal Bureau of Prisons ("BoP"), to respond to its

requests for documents related to the procurement of pentobarbital, pentobarbital sodium, or

Nembutal to be used in federal executions.

2.     This case seeks declaratory relief that the Defendant is in violation of the FOIA, 5

U.S.C. § 522(a)(3)(a), by refusing to provide CREW with all responsive, non-exempt documents,

and injunctive relief ordering the Defendant to process and release to CREW immediately the

requested records.

## Jurisdiction and Venue

3.      This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B. The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4.      Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5.      Defendant DOJ is an agency within the meaning of 5 U.S.C. 552(f) and 5 U.S.C. § 701. Defendant and its component BoP have possession and control of the requested records and are responsible for fulfilling Plaintiff's FOIA requests.

## Factual Background

6.      On July 25, 2019, DOJ filed an addendum to the Federal Bureau of Prisons' execution protocol allowing the use of pentobarbital sodium as the lethal agent in federal executions. Notice of Adoption of Revised Protocol, *Roane v. Barr*, No. 05-2337 (Filed July 25, 2019), https://www.politico.com/f/?id=0000016c-29bc-d88f-a9ec-2dbd798f0000.

7.    The same day, DOJ published a press release confirming that Attorney General

William Barr had directed the Federal Bureau of Prisons to adopt the addendum and resume

capital punishment after a nearly two-decade lapse. The press release states the addendum

"closely mirrors protocols utilized by several states, including currently Georgia, Missouri, and

Texas." Press Release, *Attorney General William P. Barr Directs the Fed. Bureau of Prisons to

Adopt an Addendum to the Fed. Execution Protocol and Schedule the Executions of Five Death-

Row Inmates Convicted of Murdering Children* (July 25, 2019), https://www.justice.gov/opa/pr/

federal-government-resume-capital-punishment-after-nearly-two-decade-lapse.

8.    Among the states that use pentobarbital in executions, Texas has had an

increasingly difficult time obtaining the drug. The manufacturer of pentobarbital requires

distributors to sign agreements saying they will not sell the drugs to death penalty states. Chris

McDaniel, *Inmates Said The Drug Burned As They Died. This Is How Texas Gets Its Execution

Drugs*, Buzzfeed (Nov. 28, 2018), https://www.buzzfeednews.com/article/chrismcdaniel/

inmates-said-the-drug-burned-as-they-died-this-is-how-texas?bftwnews&utm_term=4ldqpgc#

4ldqpgc.

9.    States have subsequently used "compounding pharmacies" as an alternative to

licensed manufacturers. Chip Brownlee, *The Federal Government Plans to Revive the Death

Penalty After 16 Years*, Slate (July 25, 2019), https://slate.com/news-and-politics/2019/07/

justice-department-bill-barr-orders-revival-federal-executions-lethal-injection.html.

10.   Compounded drugs are neither FDA approved nor reviewed by the FDA for

safety, effectiveness, or quality. *Compounding Laws and Policies*, FDA (last updated July 23,

2018), https://www.fda.gov/drugs/human-drug-compounding/compounding-laws-and-policies.

FDA inspectors, however, have found that many compounders nonetheless "were engaged in

large-scale, non-patient specific compounding like a conventional manufacturer, without

complying with premarket approval, labeling, and current good manufacturing practice (GCMP)

requirements for their drugs, or compounders that prepared, packed, or held drugs under

insanitary conditions." *Compounding Oversight*, FDA (last updated June 21, 2018),

https://www.fda.gov/drugs/human-drug-compounding/compounding-oversight.

11.      Attorneys have "warned that compounded pentobarbital could expire or degrade

over time, putting their clients at risk of a painful death that would amount to torture." Chris

McDaniel, *Inmates Said The Drug Burned As They Died. This Is How Texas Gets Its Execution*

*Drugs*, BUZZFEED (Nov. 28, 2018), https://www.buzzfeednews.com/article/chrismcdaniel/in

mates-said-the-drug-burned-as-they-died-this-is-how-texas?bftwnews&utm_term=4ldqpgc#4l

dqpgc.

12.      On November 20 2019, U.S. District Judge Tanya S. Chutkan issued a

preliminary injunction blocking federal executions under the July 25 protocol finding that

"Plaintiffs have clearly shown that, absent injunctive relief, they will suffer the irreparable harm

of being executed under a potentially unlawful procedure before their claims can be fully

adjudicated." *In the Matter of the Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-

145, slip op. at 14 (D.D.C. filed Nov. 20, 2019).

*CREW's FOIA Request to BoP*

13.      On August 8, 2019, CREW sent a FOIA request by email to BoP requesting

records from February 14, 2019 to the present relating to the procurement of pentobarbital,

pentobarbital sodium, or Nembutal to be used in federal executions, including but not limited to

notifications to or communications with vendors, solicitation information, requests for

information, subcontracting leads, and contract awards.

4

14.     CREW sought waiver of fees associated with processing its request. In support, CREW explained that the requested records are likely to contribute to public understanding of the process DOJ intends to use to procure an especially difficult to obtain drug, including the extent to which DOJ considered and intends to address the risks associated with the use of that drug.

15.     BoP acknowledged receipt of CREW's FOIA request by letter dated August 14, 2019. DOJ claimed that "unusual circumstances" exist to warrant additional time to respond to the request, but it did not specify what circumstances make this claim unusual. DOJ also claimed that the request was "complex," without explaining why, and that processing complex requests may take up to nine months.

16.     During a call with CREW on August 20, 2019, BoP claimed that the request was classified as complex because the records are at a secondary location, so they cannot begin to be processed until that location sends the records to BoP.

17.     In a letter dated September 30, 2019, BoP claimed that the records CREW requested were "categorically exempt from disclosure" pursuant to 5 U.S.C. § 552 exemptions (b)(4), (b)(5), (b)(6), (b)(7)(A), (b)(7)(B), (b)(7)(C), (b)(7)(E), and (b)(7)(F).

18.     CREW appealed BoP's determination in a letter sent to the Office of Information Policy via certified mail on October 10, 2019.

19.     To date, CREW has received no further communication from BOP.

20.     Because BoP has not responded to CREW's October 10, 2019 appeal, CREW has exhausted all applicable administrative remedies with respect to the request.

*CREW's FOIA Request to DOJ*

21.     On August 9, 2019, CREW sent a FOIA request by facsimile to DOJ requesting the same records as those sought in CREW's August 8 request to BoP.

22.     As with its request of BoP, CREW sought waiver of fees on the ground that the requested records are likely to contribute to public understanding of the process DOJ intends to use to procure an especially difficult to obtain drug, including the extent to which DOJ considered and intends to address the risks associated with the use of that drug.

23.     DOJ acknowledged receipt of CREW's FOIA request by email on September 6, 2019. DOJ claimed without explanation that CREW's request falls within unusual circumstances, which warrants additional time to respond to the request. DOJ did not provide a date by which it anticipated a response. DOJ also stated without explanation that it had placed CREW's request in the complex track.

24.     To date, CREW has received no further response from DOJ.

25.     Because DOJ has not responded to or provided a determination on CREW's August 9, 2019 FOIA request, CREW has exhausted all applicable administrative remedies with respect to the request.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

### (BoP's Wrongful Withholding of Agency Records)

26.     Plaintiff repeats and re-alleges the preceding paragraphs.

27.     Plaintiff properly requested records within the custody and control of BoP.

28.     Defendant BoP wrongfully withheld all non-exempt records responsive to Plaintiff's FOIA request.

29.     By failing to release the records Plaintiff requested, Defendant BoP has violated the FOIA.

30.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of all non-exempt records.

## CLAIM TWO

### (DOJ's Wrongful Withholding of Agency Records)

31.     Plaintiff repeats and re-alleges the preceding paragraphs.

32.     Plaintiff properly requested records within the custody and control of DOJ.

33.     Defendant DOJ wrongfully withheld all non-exempt records responsive to Plaintiff's FOIA request.

34.     By failing to release the records Plaintiff requested, Defendant DOJ has violated the FOIA.

35.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of all non-exempt records.

## Requested Relief

Wherefore, Plaintiff respectfully requests that this Court:

(1)     Order Defendant DOJ and its component BoP to immediately and fully process Plaintiff's requests and disclose all non-exempt documents to Plaintiff;

(2)     Issue a declaration that Plaintiff is entitled to the immediate processing and disclosure of the requested records;

(3)     Provide for expeditious proceedings in this action;

(4)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5)     Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(6)     Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Anne L. Weismann*
Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
   in Washington
1101 K Street, N.W., Suite 201
Washington, D.C.  20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: December 4, 2019                    *Attorneys for Plaintiff*