UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR ETHICS AND RESPONSIBILITY IN WASHINGTON,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>*Defendant.* | Civil Action No. 19-3626 (DLF) |

### DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Local Civil Rule 7(h), Defendant, the Department of Justice ("DOJ"), through undersigned counsel, respectfully submits this Statement of Material Facts Not in Genuine Dispute in support of Defendant's Motion for Summary Judgment.

**I.   PLAINTIFF'S FOIA REQUEST TO BOP**

1. On August 8, 2019, the Bureau of Prisons ("BOP") received a FOIA request from Lauren White, who identified herself as a Press Associate for Citizens for Responsibility and Ethics in Washington ("CREW"). *See* Decl. of Kara Christenson ("1st Christenson Decl.") ¶ 11 & Ex. A (Aug. 8, 2019 email from Lauren White), ECF No. 17-4; *see also* Decl. of Jessica A. Lutkenhaus & Ex. 1, ECF No. 19-2.

2. In her request, Ms. White, on behalf of CREW, sought "all records from February 14, 2019 to the present related to the procurement of pentobarbital, pentobarbital sodium, or Nembutal [collectively, "pentobarbital"] to be used in federal executions, including without limitation any notifications to or communications with vendors, solicitation information, requests for information, subcontracting leads, and contract awards."   1st Christenson Decl. ¶ 11.

3. BOP accepted CREW's request and assigned it FOIA Request No. 2019-05579.  *Id.* ¶ 12.

4. On August 14, 2019, BOP sent CREW an acknowledgment letter, indicating that the FOIA request had been received and was assigned to the complex processing track. *See id*. & Ex. B (Aug. 14, 2019 letter to CREW).

5. At the time, BOP determined that any records responsive to CREW's request would be categorically exempt from disclosure under the FOIA, pursuant to exemptions 5, 6, 7(A), 7(B), 7(C), 7(E) and 7(F). *Id*. ¶ 14.

6. By letter dated September 30, 2019, BOP informed CREW of BOP's release determination, the nature of the exemptions applied, and CREW's right to appeal BOP's determination to DOJ's Office of Information Policy ("OIP"). *Id.* & Ex. C (Sept. 30, 2019 Response Letter).

7. On October 10, 2019, Anne Weismann, Chief FOIA Counsel for CREW, filed an appeal with OIP regarding BOP's total withholding of the documents responsive to FOIA Request No. 2019-05579. *See id*. ¶ 15 & Ex. D (Oct. 10, 2019 CREW letter); Lutkenhaus & Ex. 2.

8. The appeal was assigned Appeal No. DOJ-AP-2020-000362. 1st Christenson Decl. ¶ 15.

9. On February 19, 2020, OIP issued its response to CREW's appeal of BOP's determination, stating that it had been informed that CREW had filed a lawsuit concerning BOP's actions in the United States District Court for the District of Columbia, and, as a result, and pursuant to DOJ regulations, OIP had closed CREW's appeal because the FOIA request was the subject of litigation. *Id*. & Ex. E (Feb. 19, 2020 OIP Determination Letter).

## II. THE INSTANT LITIGATION

10. CREW filed the instant lawsuit on December 4, 2019. Compl., ECF No. 1.

11. DOJ filed its Answer on January 15, 2020. Answer, ECF No. 12.

12. The parties subsequently agreed to a processing schedule and filed six joint status reports. *See* ECF Nos. 7–9, 12, 13, 15.

13. BOP conducted a search and found 56 pages of non-email responsive records, as well as 1,095 email responsive records, of which 848 were duplicate. 1st Christenson Decl. ¶¶ 34, 42.

14. As relevant here, BOP withheld documents under Exemption 4. Exemption 4 protects "trade secrets and commercial or financial information obtained from a person which is privileged or confidential." *See* 5 U.S.C. § 552(b)(4).

15. BOP applied Exemption 4 to confidential commercial information included in both email and non-email records responsive to FOIA Request No. 2019-05579, as specifically described in BOP's *Vaughn* Index. *Id.* ¶ 43 & Exhibit F.

16. In particular, BOP applied Exemption 4 to withhold the names of the companies involved in the supply—including the manufacturing, compounding, or testing—of pentobarbital to be used for lethal injection purposes. Ex. A, 2nd Christenson Decl. ¶ 4.

17. BOP also applied Exemption 4 to certain contract terms, including drug prices, quantities, expiration dates, invoices, container units, lot numbers, purchase order/reference numbers, substance descriptions, drug concentrations, and dates of purchase, service, and/or delivery. *Id.* ¶ 8.

18. On November 6, 2020, DOJ filed a motion for summary judgment. ECF No. 17. CREW filed an opposition and a cross-motion for summary judgment on December 23, 2020. ECF Nos. 19, 20. DOJ filed its reply and opposition on February 17, 2021. ECF Nos. 22, 23. CREW filed its reply on March 17, 2021. ECF No. 25.

19. On September 30, 2021, this Court granted summary judgment in favor of DOJ on its Exemption 4 withholdings. *CREW v. DOJ*, 567 F. Supp. 3d 204, 208–09 (D.D.C. 2021),

|     |     |
| --- | --- |
|     | ECF Nos. 29, 30.  This Court determined that the withheld information was both "commercial" and "confidential." *Id*. |
| 20. | CREW appealed this Court's holding, and the D.C. Circuit reversed and remanded. *CREW v. DOJ*, 58 F.4th 1255 (D.C. Cir. 2023); *see also* ECF Nos. 32, 36, 39.  The issues on appeal were (1) whether the government had properly explained how information that could identify its pentobarbital suppliers was confidential commercial information and (2) whether the government had waived Exemption 4 by publicly disclosing certain information.  *CREW v. DOJ*, 58 F.4th at 1261. |
| 21. | Regarding the contractor names, the D.C. Circuit acknowledged that CREW did not dispute that they would reveal "confidential" information, only whether they would reveal "commercial" information.  *Id.* at 1263. |
| 22. | The D.C. Circuit concluded that the government had overly focused on the commercial consequences of disclosing the contractors' names rather than the commercial nature of the contractors' names in and of itself.  *Id.* at 1263–69.  The court remanded for further proceedings on this topic.  *Id.* at 1269. |
| 23. | Regarding the contract terms, the D.C. Circuit acknowledged that CREW did not dispute that the terms were "commercial" in nature, only whether they were "confidential." *Id.* at 1269.  Moreover, CREW did not dispute that information that was identifying was "confidential." *Id*. at 1270. |
| 24. | The D.C. Circuit concluded that the government had failed to provide a detailed showing that the withheld information "could in fact reveal the identities of the Bureau's pentobarbital contractors" and remanded for it to attempt to do so. *Id.* at 1271. |

25. Finally, the D.C. Circuit deferred and remanded on the topic of waiver. *Id.* at 1271–72. The court explained that CREW bears the burden of proving waiver but that the existing record did not permit the court to reach a conclusion on the topic. *Id.*